DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
TARA M. STEELEY, State Bar #231775
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4655
Facsimile:     (415) 554-4699
E-Mail:        tara.steeley@sfcityatty.org

Attorneys for Defendant
LONDON BREED, in her official capacity
as Mayor of the City of San Francisco, City and County of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ellen Lee Zhou, an individual, and Asian American Freedom Political Action Committee,<br><br>Plaintiffs,<br><br>vs.<br><br>London Breed, Clear Channel Outdoor, LLC, Clear Channel Outdoor Holdings, Inc., OutFront Media, Inc.,<br><br>Defendants. | Case No. 3:19-cv-07269-WHO<br><br>**DEFENDANT MAYOR LONDON BREED'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST CAUSE OF ACTION AND MOTION TO STRIKE PLAINTIFFS' THIRD AND FOURTH CAUSES OF ACTION**<br><br>Hearing Date:  May 6, 2020<br>Time:          2:00 p.m.<br>Place:         Judge William H. Orrick<br>               450 Golden Gate Ave.<br>               Courtroom 2, 17th Floor<br>               San Francisco, CA<br><br>Trial Date:    None Set |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

DISCUSSION ..................................................................................................................... 2

    I.    PLAINTIFFS HAVE NOT STATED A FIRST AMENDMENT CLAIM AGAINST MAYOR BREED. ................................................................................. 2

        A.    Plaintiffs' First Cause of Action Is Inconsistent With The First Amendment. ........................................................................................... 2

        B.    Plaintiffs Have Not Satisfied The State Action Requirement. ..................... 5

        C.    Plaintiffs Should Not Be Given Leave to Amend. ........................................ 7

    II.    PLAINTIFFS' STATE LAW CAUSES OF ACTION SHOULD BE STRICKEN PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE. .......... 7

        A.    Plaintiffs Have Not Alleged Facts Or Cited Any Authority To Show That Mayor Breed Engaged in Wrongful And Unjustified Conduct. .......... 8

        B.    Plaintiffs Cannot Show That Clear Channel and OutFront Media Breached Their Contracts With Plaintiffs. .................................................... 9

        C.    Plaintiffs Have Not Alleged Facts To Show That Mayor Breed Knew Of Plaintiffs' Contracts And Intended To Cause A Breach Of Those Contracts. ....................................................................................... 11

        D.    Plaintiffs Should Not Be Given Leave To Amend Their Third Or Fourth Causes Of Action. ............................................................................ 12

        E.    Mayor Breed Is Entitled To Attorneys' Fees For Her Anti-Slapp Motion. 12

    III.    PLAINTIFFS CANNOT AVOID THE MOTION TO DISMISS OR MOTION TO STRIKE BY CLAIMING THAT THEY SUED MAYOR BREED IN HER PERSONAL CAPACITY. ............................................................................... 13

## TABLE OF AUTHORITIES

**Federal Cases**

*Am. Family Ass'n, Inc. v. City and County of San Francisco*
   277 F.3d 1114 (9th Cir. 2002) ................................................................................1, 2, 3, 8

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*
   526 U.S. 40 (1999) ..............................................................................................................5, 6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ...........................................................................................1, 4, 5, 11, 12

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ............................................................................................................12

*Blum v. Yaretsky*
   457 U.S. 991 (1982) ...........................................................................................................5, 7

*Buckley v. Valeo*
   424 U.S. 1 (1976) .....................................................................................................................2

*Carlin Commc'n, Inc. v. Mountain States Tel. and Telegraph Co.*
   827 F.2d 1291 (9th Cir. 1987) ..............................................................................................5

*Citizens United v. Fed. Election Commn.*
   558 U.S. 310 (2010) ...........................................................................................................2, 8

*Day v. LSI Corp.*
   174 F. Supp. 3d 1130 (D. Ariz. 2016),
   aff'd, 705 Fed. Appx. 539 (9th Cir. 2017) .......................................................................10

*Diaz v. Chase*
   416 F. Supp. 3d 1090 (D. Nev. 2019) ..................................................................................4

*Eu v. San Francisco County Democratic Central Comm.*
   489 U.S. 214 (1989) ...............................................................................................................2

*Gardner v. Martino*
   563 F.3d 981 (9th Cir. 2009) ..............................................................................................12

*Gold River LLC v. La Jolla Band of Luiseno Mission Indians*
   No. 11cv1750 JM(BGS), 2011 WL 6152291 (C.D. Cal. Dec. 9, 2011) ........................4

*Hammerhead Enterprises, Inc. v. Brezenoff*
   707 F.2d 33 (2d Cir. 1983) ........................................................................................2, 3, 7, 8

*Hill v. Shelander*
   924 F.2d 1370 (7th Cir. 1991) ............................................................................................13

*Hutchens v. Alameda Cnty. Soc. Services Agency*
   C-06-06870 SBA, 2008 WL 4193046 (N.D. Cal. Sept. 10, 2008) ...............................5

*Johnson v. Experian Info. Sols., Inc*.
   No. 2:18-cv-114-JAM-EFB PS, 2019 WL 951425 (E.D. Cal. Feb. 27, 2019)...........................4

*Kowalsky v. Hewlett-Packard Co.*
   10-CV-02176-LHK, 2011 WL 3501715 (N.D. Cal. Aug. 10, 2011).........................................11

*Leadsinger, Inc. v. BMG Music Publ'g.*
   512 F.3d 522 (9th Cir. 2008) ..................................................................................................7

*Mathis v. P. Gas and Elec. Co.*
   891 F.2d 1429 (9th Cir. 1989) ................................................................................................6

*Mick v. Raines*
   883 F.3d 1075 (8th Cir. 2018) ..............................................................................................13

*Miller v. City of Los Angeles*
   No. CV 13–5148–GW(CWx), 2014 WL 12610195 (C.D. Cal. Aug. 7, 2014) .........................4

*Mulligan v. Nichols*
   835 F.3d 983 (9th Cir. 2016) ..................................................................................................1

*Nunez v. City of Los Angeles*
   147 F.3d 867 (9th Cir. 1998) ..................................................................................................1

*Paxi, LLC v. Shiseido Americas Corp*.
   636 F. Supp. 2d 275 (S.D.N.Y. 2009) ..................................................................................11

*R.C. Maxwell Co. v. Borough of New Hope*
   735 F.2d 85 (3d Cir. 1984) ........................................................................................3, 6, 7, 8

*Steckman v. Hart Brewing, Inc*.
   143 F.3d 1293 (9th Cir. 1998) ................................................................................................7

*United Nat. Maint., Inc. v. San Diego Conv. Ctr., Inc*.
   766 F.3d 1002 (9th Cir. 2014) ................................................................................................9

*Vance v. County of Santa Clara*
   928 F. Supp. 993 (N.D. Cal. 1996) ......................................................................................13

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097 (9th Cir. 2003) ................................................................................................7

*X-Men Sec., Inc. v. Pataki*
   196 F.3d 56 (2d Cir. 1999) ..............................................................................................2, 8

*Yeksigian v. Nappi*
   900 F.2d 101 (7th Cir. 1990) ................................................................................................13

**State Cases**
*Chanay v. Chittenden*
   115 Ariz. 32, 563 P.2d 287 (1977) .......................................................................................10

*Charles C. Chapman Bldg. Co. v. Cal. Mart*
    2 Cal. App. 3d 846 (1969) ...................................................................................8, 9

*Dalton v. Educ. Testing Serv.*
    87 N.Y.2d 384 (1995) .........................................................................................9, 10

*Issa v. Applegate*
    31 Cal. App. 5th 689 (2019) ....................................................................................8

*Kirke La Shelle Co. v Armstrong Co.*
    263 N.Y. 79 (1993) ..................................................................................................9

*Kuehn v. Stanley*
    208 Ariz. 124, 91 P.3d 346 (2004) ........................................................................10

*Murphy v. Am. Home Products Corp.*
    58 N.Y.2d 293 (1983) .......................................................................................10, 11

*Wagenseller v. Scottsdale Meml. Hosp.*
    147 Ariz. 370, 710 P.2d 1025 (1985) ..................................................................9, 11

*Wells Fargo Bank v. Arizona Laborers, Teamsters and*
    *Cement Masons Loc. No. 395 Pension Tr. Fund*
    201 Ariz. 474, 38 P.3d 12 (2002) ..........................................................................11

*Winn v. McCulloch Corp.*
    60 Cal. App. 3d 663 (1976) .....................................................................................8

Federal Statutes
42 U.S. Code § 1983 ......................................................................................................4

**Constitutional Provisions**
U.S. Const., amend. I ............................................................................................ *passim*

**State Statutes & Codes**
Cal. Code Civ. Proc. § 425.16 ........................................................................................2

Cal. Code Civ. Proc. § 425.16(c) ..............................................................................1, 12

**Rules**
Fed. R. Civ. Proc., Rule 9(b) ........................................................................................11

**INTRODUCTION**

Plaintiffs' opposition briefs demonstrate why Mayor Breed's motion to dismiss and motion to strike should be granted. In their 52 pages of briefing, Plaintiffs do not cite even a single case that holds that a public official violates the First Amendment by speaking to the press about an opposing candidate's speech. Plaintiffs repeatedly claim that the First Amendment should prevent Mayor Breed from criticizing their speech based on its content, but that assertion finds no support in the First Amendment. *See Am. Family Ass'n, Inc. v. City and County of San Francisco*, 277 F.3d 1114, 1125 (9th Cir. 2002). The free exchange of ideas preserved by the First Amendment would be "undermined if public officials are prevented from responding to speech of citizens with speech of their own." *Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016). Indeed, "[i]t would be the height of irony, indeed, if mere speech, in response to speech, could constitute a First Amendment violation." *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998). Plaintiffs' First Cause of Action fails as a matter of law, and should be dismissed without leave to amend.

Plaintiffs fare no better with their Third and Fourth Causes of Action. To hold Mayor Breed responsible for Clear Channel and OutFront Media's decisions to remove Plaintiffs' advertisements under a theory of tortious interference with contracts, Plaintiffs would need to allege facts showing that Mayor Breed engaged in wrongful or unjustified conduct, that Plaintiffs' contracts were breached, and that Mayor Breed knew of Plaintiffs' contracts and intended to cause a breach of those contracts. Plaintiffs cannot satisfy any of those requirements. Mayor Breed did not engage in "wrongful" conduct by speaking to the press about Plaintiffs' racist and sexist advertisements. Clear Channel and OutFront Media did not breach their contracts with Plaintiffs by removing Plaintiffs' advertisements *pursuant to the terms of their contracts*. And, finally, Plaintiffs' conclusory allegations about Mayor Breed's knowledge and intent are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). Because Plaintiffs cannot cure the defects in their claims by amendment, Plaintiffs' Third and Fourth Causes of Action should be stricken without leave to amend. In addition, Mayor Breed respectfully requests that the Court award her attorneys' fees in the amount of $22,200 pursuant to Cal. Code Civ. Proc. § 425.16(c).

# DISCUSSION

## I. PLAINTIFFS HAVE NOT STATED A FIRST AMENDMENT CLAIM AGAINST MAYOR BREED.

### A. Plaintiffs' First Cause of Action Is Inconsistent With The First Amendment.

Plaintiffs' First Amendment claim against Mayor Breed should be dismissed because Plaintiffs have not stated a claim against Mayor Breed under any cognizable legal theory. Plaintiffs allege that Mayor Breed criticized the content of Ms. Zhou's advertisement and notified the media of a press conference in which others criticized the racism and sexism in Ms. Zhou's advertisement. But Plaintiffs concede, as they must, that Mayor Breed has a First Amendment Right to criticize an election opponent's speech. (MTD Opp. at 16.)[1] Plaintiffs even agree that the First Amendment has its most urgent application to speech, such as Mayor Breed's, that was "uttered during a campaign for political office." *Citizens United v. Fed. Election Commn.*, 558 U.S. 310, 339–40 (2010) (quoting *Eu v. San Francisco County Democratic Central Comm.*, 489 U.S. 214, 223 (1989); *see also Buckley v. Valeo*, 424 U.S. 1, 14 (1976) ("Discussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution"). Mayor Breed did not violate Plaintiffs' First Amendment rights by expressing her views about their advertisements. *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 70 (2d Cir. 1999) ("No case of which we are aware has recognized a right in any individual under the First Amendment . . . to prevent" government officials "from exercising their rights merely to express their views.")

Similarly, Plaintiffs assert that Mayor Breed called for the removal of their advertisements when she said that Zhou's billboard was "hurtful," "disrespectful," and that there is "no place . . . in San Francisco for that kind of divisiveness." (Comp. ¶ 36; MTD Opp. at 20.) But, even if Mayor Breed's statement could reasonably be viewed as a request that Clear Channel and OutFront Media remove the advertisements, that request would not violate Plaintiffs' First Amendment rights. *Am. Family*, 277 F.3d at 1125; *Hammerhead Enterprises, Inc. v. Brezenoff*, 707 F.2d 33 (2d Cir. 1983);

---

[1] In this brief, Plaintiffs' Memorandum in Opposition to London Breed and Clear Channel Outdoor LLC's Motion to Dismiss for Failure to State a Claim is cited as "MTD Opp." Plaintiffs' Memorandum in Opposition to London Breed and Clear Channel Outdoor LLC's Motions to Dismiss Pursuant to § 425.16 Cal. Code Civ. Proc. is cited as "MTS Opp."

*R.C. Maxwell Co. v. Borough of New Hope*, 735 F.2d 85 (3d Cir. 1984).[2] Public officials do not violate the First Amendment by requesting the removal of billboards or other speech, where those requests are not accompanied by threats or coercion. *Id.*

The Ninth Circuit's opinion in *American Family Association, Inc. v. City and County of San Francisco* resolves Plaintiffs' claims. In *American Family*, the plaintiffs alleged that San Francisco officials violated their First Amendment rights by criticizing their hate speech and asking the media not to broadcast their advertisements. *Am. Family*, 277 F.3d at 1119-20. The Ninth Circuit concluded that those actions did not violate the First Amendment because public officials are free to criticize the speech of others and can urge that media not broadcast the speech "so long as there is no actual or threatened imposition of government power or sanction." *Id.* at 1125. Because the plaintiffs did not allege any facts to show that the City threatened to punish or actually punished anyone for broadcasting the hate speech, the Ninth Circuit concluded that the plaintiffs "failed to allege a colorable free speech claim and the district court properly dismissed" the complaint. *Id.*

This case is indistinguishable from *American Family*. As in *American Family*, Plaintiffs assert that Mayor Breed violated their First Amendment rights by criticizing their speech and urging media companies not to display their advertisements. (MTD Opp. at 20.) And, as in *American Family*, Plaintiffs have not alleged any facts to show that Mayor Breed threatened Clear Channel or OutFront Media, or in any way used sanctions or threats of sanctions to compel Plaintiffs' billboards to be removed. Without such allegations, Plaintiffs have not alleged a colorable free speech claim. *Am. Family*, 277 F.3d at 1125. Plaintiffs try to distinguish *American Family* by noting that Clear Channel and OutFront Media removed their advertisements. But the question is not whether the advertisements were removed. The question is whether they were removed *because of "sanctions or threats of sanctions"* by Mayor Breed. *Id*. (emphasis added). Plaintiffs' complaint does not allege any facts to show that they were.

---

[2] Plaintiffs attempt to distinguish *Hammerhead* and *R.C. Maxwell* on the ground that the appellate courts in those cases addressed the constitutional issues in the context of a fuller factual record. (MTD Opp. at 19.) But, as the Ninth Circuit demonstrated in *American Family*, it is appropriate to dismiss allegations like Plaintiffs' at the pleadings stage because Plaintiffs' allegations do not state a claim under the First Amendment. *Am. Family*, 277 F.3d at 1125.

Recognizing that Plaintiffs have not alleged and cannot allege facts showing that Mayor Breed violated their rights, Plaintiffs ask the Court to excuse them from that requirement. Plaintiffs invoke the long abandoned notion that their pleadings only need to recite the elements of a claim to satisfy Rule 8's notice pleading requirements. Plaintiffs further claim that they should be allowed to rest on their conclusory allegations and bare bone complaint because "any additional facts" that Plaintiffs would need to state a claim are "exclusively within defendants' knowledge." (MTD Opp. at 9.) Plaintiffs are mistaken. To state a claim under Section 1983, a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). When resolving a pleadings motion, a court will not "credit a complaint's conclusory statements without reference to its factual context." *Id.* at 686. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Plaintiffs also cannot escape their pleading obligations by arguing that their conclusory allegations against Mayor Breed are made on "information and belief." MTD Opp. at 22. Conclusory allegations – whether made on information and belief or not – are insufficient to state a claim. *Diaz v. Chase*, 416 F. Supp. 3d 1090, 1097 (D. Nev. 2019) (holding "speculative guesswork" plead as an "information and belief" allegation is insufficient to state a claim); *Miller v. City of Los Angeles*, No. CV 13–5148–GW(CWx), 2014 WL 12610195, at *5 (C.D. Cal. Aug. 7, 2014) (holding a plaintiff cannot avoid dismissal for failure to state a claim "simply by slapping the 'information and belief' label onto speculative or conclusory allegations."); *Gold River LLC v. La Jolla Band of Luiseno Mission Indians*, No. 11cv1750 JM(BGS), 2011 WL 6152291, at *2 (C.D. Cal. Dec. 9, 2011) ("Conclusory allegations, especially those made upon information and belief, 'do not suffice.'"); *see also Johnson v. Experian Info. Sols., Inc.*, No. 2:18-cv-114-JAM-EFB PS, 2019 WL 951425 at *2 (E.D. Cal. Feb. 27, 2019) ("Plaintiff's complaint, rather than providing any specific factual allegations, rest entirely on conclusory allegations based upon plaintiff's 'information and belief,' which are

insufficient to state a claim for relief."). Even the case on which Plaintiffs rely does not support their argument. *Hutchens v. Alameda Cnty. Soc. Services Agency*, C-06-06870 SBA, 2008 WL 4193046, at *4 (N.D. Cal. Sept. 10, 2008) (holding "an isolated conclusory statement made on information and belief is entitled to no weight"). Here, the problem is not that Plaintiffs' allegations are made on information and belief. The problem is that Plaintiffs have not pled any *facts* – whether on information and belief or otherwise – to plausibly allege that Mayor Breed violated their First Amendment rights under any cognizable legal theory. Plaintiffs' conclusory allegations against Mayor Breed are insufficient. *Iqbal*, 556 U.S. at 676.

### B. Plaintiffs Have Not Satisfied The State Action Requirement.

Plaintiffs' First Amendment claim also fails because Plaintiffs have not alleged any facts to show that Mayor Breed should be held responsible for Clear Channel and OutFront Media's decisions to remove Plaintiffs' advertisements. A "[s]tate normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). To satisfy the state action requirement, there must be "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (internal quotation marks omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Id.* at 52.

Here, Plaintiffs have failed to allege facts to demonstrate the required nexus between Mayor Breed and the actions of Clear Channel and OutFront Media. Plaintiffs state in a conclusory manner that Mayor Breed "encouraged" Clear Channel and OutFront Media to remove Plaintiffs' advertisements, but Plaintiffs have not alleged any *facts* that, if taken as true, would satisfy the state action requirement. Plaintiffs do not allege that Mayor Breed coerced Clear Channel and OutFront Media to remove the advertisements. Plaintiffs do not allege that Mayor Breed threatened Clear Channel and OutFront Media with any increased oversight, regulations or criminal penalties. *Cf. Carlin Commc'n, Inc. v. Mountain States Tel. and Telegraph Co.*, 827 F.2d 1291, 1295 (9th Cir. 1987) (holding requisite nexus to establish state action existed because the county attorney threatened

prosecution if the third party did not comply with the state actor's demands). Plaintiffs do not allege that Mayor Breed pressured Clear Channel and OutFront Media in any way. Plaintiffs note that Clear Channel and OutFront Media are "subject to regulation" by "state actors" (MTD Opp. at 21), but the fact that Clear Channel and OutFront Media are subject to government regulation does not convert their action into state action. *Sullivan*, 526 U.S. at 52 (holding that "mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . ."); *Mathis v. P. Gas and Elec. Co.*, 891 F.2d 1429, 1431 (9th Cir. 1989) (holding fact that PG&E was "subject to extensive state regulation" did not "infuse its conduct with state action").

Plaintiffs appear to argue that the state action requirement is satisfied because Mayor Breed and her "allies" allegedly requested the removal of Plaintiffs' advertisements, and Clear Channel and OutFront Media later removed the advertisements. (MTD Opp. at 21.) But those allegations are insufficient to establish state action. *Sullivan*, 526 U.S. at 52; *R.C. Maxwell Co*, 735 F.2d at 89. In *R.C. Maxwell,* the plaintiff alleged that its First Amendment rights were violated when government officials called for the removal of its billboards and the billboards' owner complied with that request. The Third Circuit concluded that those facts did not show state action because the government officials did not make any "enforceable threats" that compelled the billboards' owner to remove the billboards, and therefore the government official's actions "amounted to nothing more than a collective expression of the local community's distaste for the billboards." *Id.* at 89. The same is true here. While Plaintiffs allege that the removal of Plaintiffs' billboards followed public criticism of those billboards by Mayor Breed and others, those allegations do not suggest that Clear Channel and OutFront Media's decisions to remove the advertisements were state action. Indeed, as the Third Circuit explained, it would "erode the ambit of private action greatly" if the court "were to apply constitutional standards to every private action intended to conform to civic sentiment." *Id.*

Plaintiffs ask the Court to ignore *R.C. Maxwell* because the Third Circuit did not consider a motion to dismiss, and instead considered the state action issue in the context of a summary judgment appeal. (MTD Opp. at 19.) But Plaintiffs do not explain why that should matter. The legal principal is the same regardless of the posture of the case: The state action requirement is not satisfied when a private party removes billboards "to conform to civic sentiment" in response to a request by a public

DEFT. BREED'S REPLY TO MTD AND MTS                6
CASE NO. 3:19-cv-07269-WHO

official.  *R.C. Maxwell Co.*, 735 F.2d at 89.  The same principle applies here.  Without facts to show coercion, Plaintiffs cannot satisfy the state action requirement, and therefore Plaintiffs cannot state a claim against Mayor Breed.  *Blum,* 457 U.S. at 1004.

### C. Plaintiffs Should Not Be Given Leave to Amend.

Plaintiffs should not be allowed leave to amend their First Amendment claim because any amendment would be futile.  *Leadsinger, Inc. v. BMG Music Publ'g.*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where amendment would be futile).  Plaintiffs' complaint is based on a theory that Mayor Breed violated the First Amendment by speaking to the media about the racism and sexism in Plaintiffs' advertisements.  But acceptance of that theory would "stand the Constitution on its head."  *Hammerhead*, 707 F.2d at 35.  No amendment can cure the fact that Plaintiffs' legal theory is inconsistent with the First Amendment.  Therefore, leave to amend would be "an exercise in futility," and should be denied.  *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998) (holding "general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility").

## II. PLAINTIFFS' STATE LAW CAUSES OF ACTION SHOULD BE STRICKEN PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE.

In another variation of their failed First Amendment claim, Plaintiffs allege that Mayor Breed is responsible for Clear Channel and OutFront Media's decisions to removal Plaintiffs' advertisements under a theory of tortious interference with contracts.  Those state law claims pled in Plaintiffs' Third and Fourth Causes of Action should be stricken pursuant to California's Anti-SLAPP statute.

When evaluating an anti-SLAPP motion, courts engage in a two-part inquiry.  "First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) (internal quotation marks omitted).  Here, Plaintiffs concede that Mayor Breed satisfied her burden on that factor.  (MTS Opp. at 7.)

"Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims."  *Vess*, 317 F.3d at 1110 (internal quotation marks omitted).  Plaintiffs cannot satisfy that burden because they cannot show that Mayor

Breed engaged in wrongful or unjustified conduct, that Plaintiffs' contracts were breached, or that Mayor Breed knew of Plaintiffs' contracts and intended to interfere with those contracts. Therefore, Mayor Breed's motion to strike should be granted.

### A. Plaintiffs Have Not Alleged Facts Or Cited Any Authority To Show That Mayor Breed Engaged in Wrongful And Unjustified Conduct.

Plaintiffs agree that their Third and Fourth Causes of Action require Plaintiffs to show that Mayor Breed's conduct was wrongful and unjustified. (MTS Opp. at 17-18; *Charles C. Chapman Bldg. Co. v. Cal. Mart*, 2 Cal. App. 3d 846, 853 (Cal. App. 2d Dist. 1969); *Winn v. McCulloch Corp.*, 60 Cal. App. 3d 663, 672 (Cal. App. 2d Dist. 1976). In an attempt to satisfy that element, Plaintiffs assert that Mayor Breed's conduct (*i.e.*, her criticism of their advertisements) violated Plaintiffs' First Amendment rights, and therefore her conduct was "wrongful." (MTS Opp. at 17-18.) Plaintiffs are mistaken. There is nothing wrongful or unjustified about Mayor Breed speaking to the media about an opposing candidate's speech. To the contrary, Mayor Breed has a First Amendment right to speak about an opposing candidate's advertisements, and that right is entitled to the utmost protection. *Citizens United*, 558 U.S. at 339–40. As California courts have recognized when considering an anti-SLAPP motion 'in the context of political advertising," courts "must be vigilant to afford a wide berth to the free exchange of ideas, including those that challenge or criticize statements made or actions taken by candidates seeking elected office." *Issa v. Applegate*, 31 Cal. App. 5th 689, 704 (Cal. App. 4th Dist. 2019).

Given Mayor Breed's First Amendment right to criticize a campaign opponents' speech, it is no surprise that Plaintiffs have not cited even a single case that suggests that an elected official engages in wrongful conduct merely by criticizing a campaign opponent's speech. To the contrary, the Ninth Circuit and other circuits have consistently rejected the notion that government officials violate the First Amendment when they criticize another person's speech. *Am. Family*, 277 F.3d at 1125; *see also Hammerhead Enterprises*, 707 F.2d at 35, 39; *R.C. Maxwell Co.*, 735 F.2d at 89; *see also X-Men Sec., Inc.*, 196 F.3d at 70. Plaintiffs simply cannot show that Mayor Breed violated the First Amendment or otherwise engaged in "wrongful" conduct by criticizing Plaintiffs'

advertisements. Thus, Plaintiffs' Third and Fourth Causes of Action fail for the same reason Plaintiffs' First Amendment claim fails.

### B. Plaintiffs Cannot Show That Clear Channel and OutFront Media Breached Their Contracts With Plaintiffs.

To prevail on their Third and Fourth Causes of Action, Plaintiffs also must plead facts to show that Clear Channel and OutFront Media breached their contracts. *Cal. Mart*, 2 Cal. App. 3d at 853; *United Nat. Maint., Inc. v. San Diego Conv. Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014). Instead of satisfying that requirement, Plaintiffs appear to concede that Clear Channel and OutFront Media removed Plaintiffs' advertisements *pursuant to the terms of their contracts* – not in violation of those agreements. (MTS Opp. at 14.) Plaintiffs acknowledge that AAFPC agreed in its contract that "Clear Channel, at its sole discretion, may reject or remove any advertising material, art or copy, submitted by Customer for any reason or no reason at any time during the term of this Contract." *Id.*; *see also* Clear Channel's Request for Judicial Notice Ex. 1. Similarly, Plaintiffs recognize that Ms. Zhou's contract with OutFront Media provides that OutFront Media "shall have the right to remove advertisement and, at its option, either terminate this Contract or request a new acceptable advertisement copy," where "adverse publicity results from the display" as occurred here. (Comp. Ex. A; Comp. ¶¶ 31-36.) Thus, Plaintiffs concede, as they must, that Clear Channel and OutFront Media did not breach the terms of their contracts with Plaintiffs.

Recognizing that they cannot demonstrate a breach of contract, Plaintiffs switch gears to an unpled claim based on the covenant of good faith and fair dealing. (MTS Opp. at 14.) New York and Arizona both recognize an implied-in-law covenant of good faith and fair dealing that "protects the right of the parties to an agreement to receive the benefits of the agreement that they have entered into."[3] *Wagenseller v. Scottsdale Meml. Hosp.*, 147 Ariz. 370, 385 (1985); *see also Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389–90 (1995). The covenant implies "a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Dalton*, 87 N.Y.2d at 389–90 (quoting *Kirke La Shelle Co. v Armstrong Co.*, 263 N.Y. 79, 87 (1993)).

---

[3] Plaintiffs agree that New York law applies to the Clear Channel contract, and Arizona law applies to the OutFront Media Contract. (MTS Opp. at 14-15.)

DEFT. BREED'S REPLY TO MTD AND MTS           9
CASE NO. 3:19-cv-07269-WHO

"The duty of good faith and fair dealing, however, is not without limits, and no obligation can be implied that would be inconsistent with other terms of the contractual relationship." *Dalton*, 87 N.Y.2d at 389–90; *see also Murphy v. Am. Home Products Corp.*, 58 N.Y.2d 293, 304 (1983) (explaining that the implied obligations under the covenant of good faith and fair dealing are "in aid and furtherance of other terms of the agreement of the parties; No obligation can be implied . . .which would be inconsistent with other terms of the contractual relationship."); *Chanay v. Chittenden*, 115 Ariz. 32, 35 (1977) (holding "there can be no implied contract where there is an express contract between the parties in reference to the same subject matter;" courts will only imply terms "under some equitable theory" if there is "no express agreement to the contrary.")[4]  Courts in both Arizona and New York follow the "general rule" that "an implied covenant of good faith and fair dealing cannot directly contradict an express contract term." *Kuehn v. Stanley*, 208 Ariz. 124, 132 (Ariz. App. 2d Div. 2004); *Day v. LSI Corp.,* 174 F. Supp. 3d 1130, 1155–56 (D. Ariz. 2016), aff'd, 705 Fed. Appx. 539 (9th Cir. 2017) (holding "an implied covenant of good faith and fair dealing cannot directly contradict an express contract term.")  The relevant inquiry always will focus on the contract itself, "to determine what the parties did agree to." *Kuehn*, 208 Ariz. at 132 (internal quotations and citations omitted); *see also Murphy*, 58 N.Y.2d at 304–05.

Here, Plaintiffs' reliance on the covenant of good faith and faith dealing fails because the covenant cannot be used to imply terms that are contrary to the express language of the contracts. Plaintiff AAFPC agreed that Clear Channel could terminate its contract at Clear Channel's will. (Clear Channel's Request for Judicial Notice Ex. 1.)  Therefore, Clear Channel is entitled to exercise that right. *Murphy*, 58 N.Y.2d at 304–05 (holding covenant of good faith and fair dealing does not restrict the ability to terminate at will agreements); *Paxi, LLC v. Shiseido Americas Corp.*, 636 F. Supp. 2d 275, 286 (S.D.N.Y. 2009) (explaining that "the good faith and fair dealing obligation implicit

---

[4] Plaintiffs assert that *Murphy v. Am. Home Products Corp.*, 58 N.Y.2d 293, 304–05 (1983) supports their argument, but that is incorrect.  Plaintiffs cite the *dissent* in *Murphy*, but obviously the dissent does not state New York law.  (MTS Opp. at 15.)  Thus, while Plaintiffs claim that *Murphy* stands for the proposition that "the covenant of good faith and fair dealing extends to right to terminate contract at will," the actual holding of *Murphy* is that the covenant of good faith and fair dealing *does not limit* the ability of an employer to terminate an employment contract at will. *Murphy*, 58 N.Y.2d at 304–05 (holding that "an employer's right at any time to terminate an employment at will remains unimpaired" by the covenant of good faith and fair dealing).

in all contracts could not be relied on to overcome an explicit clause in the contract that allowed" a party to "cancel the contract at any time.") Likewise, Plaintiff Zhou expressly agreed that OutFront Media could remove Zhou's advertisement or terminate the contract, at OutFront Media's option, "if adverse publicity results from any display." (Comp. Ex. A.) Thus, OutFront Media was entitled to exercise that option when the racism and sexism in Ms. Zhou's advertisement generated "adverse publicity." (Comp. ¶¶ 31-36.) The covenant of good faith and fair dealing will only be breached where "a party uses its discretion for a reason outside the contemplated range—a reason *beyond the risks assumed by the party claiming a breach.*" *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 492 (2002), as corrected (Apr. 9, 2002) (emphasis added). The covenant does not prevent Clear Channel and OutFront Media from exercising the options to terminate that they *expressly reserved* in the contracts Plaintiffs signed. *Wagenseller*, 147 Ariz. at 385 (rejecting argument that covenant of good faith and fair dealing limits ability to terminate at will contracts); *Murphy*, 58 N.Y.2d at 304–05 (same); *Paxi,* 636 F. Supp. 2d at 286 (same). Accordingly, Plaintiffs have not shown any breach of the covenant of good faith and fair dealing.

### C. Plaintiffs Have Not Alleged Facts To Show That Mayor Breed Knew Of Plaintiffs' Contracts And Intended To Cause A Breach Of Those Contracts.

Finally, the motion to strike should be granted because Plaintiffs have not alleged any facts to show that Mayor Breed knew anything about their contracts with Clear Channel and OutFront Media, or that Mayor Breed intended to cause any breach of those contracts. Plaintiffs appear to concede that point, but assert that their conclusory allegations should suffice because intent and knowledge "may be averred generally" under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs are mistaken. Rule 9(b)'s statement that scienter may be alleged generally "does not mean . . . that conclusory allegations of knowledge or intent suffice." *Kowalsky v. Hewlett-Packard Co.*, 10-CV-02176-LHK, 2011 WL 3501715, at *3 (N.D. Cal. Aug. 10, 2011). As the Supreme Court explained, Rule 9(b) merely excuses a party from pleading scienter under an elevated pleading standard; the "less rigid—though still operative—strictures of Rule 8" must be satisfied. *Iqbal*, 556 U.S. at 687. Under those rules, federal courts do not "credit a complaint's conclusory statements without reference to its

factual context." *Id.* at 686.  Therefore, a plaintiff may not plead the "bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.* at 687.  Plaintiffs' conclusory allegations about Mayor Breed's knowledge and intent are insufficient to satisfy Plaintiffs' pleading obligations, and the motion to strike should be granted. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### D. Plaintiffs Should Not Be Given Leave To Amend Their Third Or Fourth Causes Of Action.

Plaintiffs should not be given leave to amend their Third and Fourth Causes of Action because the defects in Plaintiffs' claims cannot be cured through amendment.  As with Plaintiffs' First Amendment Claim, Plaintiffs' theory that Mayor Breed engaged in tortious conduct is based on Plaintiffs' false belief that the First Amendment prevents a public official from criticizing someone's speech.  No amendment will cure that fundamental defect in Plaintiffs' claims.  Further, no amendment can change the fact that Clear Channel and OutFront Media did not breach their contracts with Plaintiffs.  Therefore, amendment would be futile, and Plaintiffs' claims should be stricken without leave to amend.  *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment" when granting anti-SLAPP motion to strike).

### E. Mayor Breed Is Entitled To Attorneys' Fees For Her Anti-Slapp Motion.

The California anti-SLAPP statute provides that, if a defendant prevails on a motion to strike, the defendant "shall be entitled to recover his or her attorney's fees and costs."  Cal. Code Civ. Proc. § 425.16(c).  As explained above and in the opening brief, Mayor Breed should prevail on the motion to strike Plaintiffs' SLAPP suit.  Therefore, she is entitled to recover her attorneys' fees.  In their opposition brief, Plaintiffs do not contest the amount of fees Mayor Breed claims or the method used for calculating those fees.  As there is no dispute, Mayor Breed should be awarded $17,200 in fees for time spent preparing the opening papers in support of the Motion to Strike, and $5,000 in fees for time spent preparing the reply brief in support of the Motion to Strike.  In total, Mayor Breed seeks $22,200 in fees.  Steeley Dec. ¶ 9; Supp. Steeley Dec. ¶ 2.

### III. PLAINTIFFS CANNOT AVOID THE MOTION TO DISMISS OR MOTION TO STRIKE BY CLAIMING THAT THEY SUED MAYOR BREED IN HER PERSONAL CAPACITY.

Unable to prevail on the merits, Plaintiffs contend that the Court should reject Mayor Breed's motions because Plaintiffs now wish to sue Mayor Breed in her personal capacity, although their complaint does not say so. (MTD Opp. at 24-25; MTS Opp. at 26.) Plaintiffs are mistaken. Mayor Breed reasonably read the complaint to allege a claim against her in her official capacity because the theory of Plaintiffs' complaint is that Mayor Breed acted in her capacity as the Mayor to violate Plaintiffs' rights. Further, complaints such as Plaintiffs that are silent about the capacity in which they sue a public official are presumed to be official capacity suits only. *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) (without an "express statement that the parties are being sued in their individual capacities," courts construe complaint "as a suit against the defendants in their official capacities only.") As even the cases Plaintiffs cite make clear, it is Plaintiffs' obligation to expressly allege in which capacity they sued Mayor Breed; it is not Mayor Breed's obligation to guess correctly. *Hill v. Shelander,* 924 F.2d 1370, 1372 (7th Cir. 1991) ("[A] civil rights plaintiff must specify whether suit is brought against the defendant in his official capacity or in his individual capacity."); *see also Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (holding the plaintiffs are required to clearly state the capacity in which they sue government officials to "provide the Defendants with proper notice of the claims against them and afford the Defendants a fair opportunity to assert any immunity defenses.")

In any event, whether Mayor Breed was sued in her official or personal capacity makes no difference to the merits of the motions before the Court. Even Plaintiffs agree that they did not need to make "any distinction" in the "capacity in which the Motion was filed" to address the arguments presented by Mayor Breed. (MTD Opp. at 7 n. 2; MTS at 7 n. 2.) The defects in Plaintiffs' complaint are the same regardless of the capacity in which Plaintiffs wish to sue Mayor Breed, and therefore Mayor Breed respectfully requests that the Court resolve those issues now by granting Mayor Breed's motions.

## CONCLUSION

For the reasons stated above, Mayor Breed respectfully requests that the Court dismiss Plaintiffs' First Cause of Action and strike Plaintiffs' Third and Fourth Causes of Action without leave to amend. In addition, Mayor Breed requests that the Court award her attorneys' fees in the amount of $22,200.

Dated: April 22, 2020

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
TARA M. STEELEY
Deputy City Attorneys


By:   /s/Tara M. Steeley
     TARA M. STEELEY

Attorneys for Defendant Mayor London Breed